## In the Matter of the Estate of Isaac W. Cokefair, Deceased.

Surrogate's Court, New York County, December 16, 1939.

*Benjamin B. Avery,* for the trustees.

*Daly, Bain & Vogel* [*George J. Vogel* of counsel], for the estate of William C. Mott.

*Louis H. Katzman,* for Pearl Guest Miller Rogers.

*David R. J. Arnold,* for Charlotte Hains Guest Herbert.

*Louis G. Hart, Jr.,* for Elma Ruth Miller Ward.

*Hays, St. John, Abramson & Schulman* [*T. Raymond St. John* and *James R. Cherry* of counsel], for the New York Baptist City Society.

*Conklin & Bentley* [*William R. Conklin* of counsel], for the Baptist Home for the Aged.

*Richard L. Deely,* special guardian.

FOLEY, S. A question of construction is raised in this trustees' accounting. The testator died in 1933 and by his will created a trust of his residuary estate for the life of his widow. On the death of the widow the will directed the trustees " to pay, convey, assign, set over, and deliver the principal " of the trust in various fractional shares aggregating fifteen-twentieths of the corpus to specified legatees with various substitutional gifts in the event of the death of the legatee. The will then made a gift of " the remainder thereof " (the remaining five-twentieths) to such persons as the widow might appoint, and in default of the exercise of the power of appointment that portion of the principal was given to two charitable institutions equally.

Out of the fifteen-twentieths directly bequeathed by the testator, two-twentieths of the principal of the trust was given in the following language: " To my sister, Mrs. William C. Mott and in the event that she shall predecease my wife Elma G. Cokefair, then to her husband."

The widow, the life tenant, died on December 6, 1938. Mrs. William C. Mott predeceased her and died on May 15, 1937. Her husband William C. Mott predeceased the life tenant and died on April 6, 1938.

Because of the death of Mrs. Mott and her husband prior to the termination of the trust a question has arisen as to the disposition of this two-twentieths share of the remainder. That portion of the trust is claimed by the estate of William C. Mott on the theory that the gift to him vested prior to the termination of the trust. It is also claimed by the appointees of the widow on the theory that the original gift being contingent lapsed and fell into the portion of principal over which the widow had a power of appointment and passed under the exercise of such power. The legatees named to take the portion of the estate subject to the power of appointment of the widow in the event she should fail to exercise such power also claim this portion of the remainder. It is their contention that although the lapsed gift fell into the share of the estate subject

to the power of appointment of the widow, the widow did not effectively exercise the power of appointment as to this two-twentieths share. Her will specifically appoints only five-twentieths of the residuary estate. As the alternative remaindermen in the donor's will in default of the exercise of the power they, therefore, claim to be entitled to the lapsed gift of two-twentieths of the remainder.

A fourth alternative is presented that the gift of the two-twentieths lapsed and passed by intestacy.

The surrogate adopts the last alternative construction and holds that intestacy results. The gift of two-twentieths of the remainder to Mrs. Mott or in the event that she predecease the life tenant, to her husband, was clearly contingent. The trustees were directed to pay and deliver the principal on the termination of the trust. The testator has specifically provided that either of these remaindermen must survive until that time in order to take. If survivorship until the termination of the trust was required of Mrs. Mott it was equally required of her husband. The form of the gift of the income to these same legatees emphasizes the contingent nature of the remainder gift to them. Moreover, the divide and pay over rule applies. Futurity is annexed to the substance of the gift of this part of the remainder. (*Matter of Buechner*, 226 N. Y. 440; *Matter of Crane*, 164 id. 71; *Matter of Baer*, 147 id. 348; *Matter of Hook*, 158 Misc. 771; affd., 248 App. Div. 701; *Matter of Meahl*, 241 id. 333.) The death of both the contingent remaindermen prior to the termination of the trust caused the remainder to lapse.

Those who contend that the gift falls into and becomes a part of the gift of the balance of the residuary estate ignore the fact that the lapsed gift is of a fractional share of the residue. Having disposed of fifteen-twentieths of the remainder of the trust, the testator provided that the " remainder thereof " (the specific five-twentieths of the remainder) should be paid to the appointees of the wife or the alternative remaindermen named in his will in default of the exercise of the power by his wife. The language employed by the testator is not broad enough to include any lapsed or failed gifts. Counsel have lost sight of the rule that the lapse of a gift of a specific share of the residuary estate does not augment a share passing to other residuary legatees unless the entire residue is given to a class. This rule, restated in *Wright* v. *Wright* (225 N. Y. 329) that there can be no residue of a residue, has not been cited by counsel. The rule is particularly applicable here. The lapsed gift is of a fractional share of the remainder. The gift of the balance of the remainder is not in the form of a residuary clause but is in fact no more than a gift of a specific fractional part of the

remainder. I hold, therefore, that the gift of two-twentieths of the remainder to Mrs. Mott or in the event of her death before the termination of the trust to her husband has lapsed and passes as intestate property. (*Wright* v. *Wright, supra; Matter of Hoffman,* 201 N. Y. 247; *Matter of Zollikoffer,* 157 Misc. 837.)

The question of the computation of the commissions on the present value of the corpus of the trust will be determined on the settlement of the decree. The fee of the attorney-trustee is approved.

Submit decree on notice construing the will and settling the account accordingly.