In the Matter of the Accounting of CHASE MANHATTAN BANK, as Trustee of the Will of EMMA URCHS, Deceased, Respondent. TESS L. SEGEL, as Executrix of OTONITA U. POPE, Deceased, et al., Appellants-Respondents; JULIA A. WINK, as Executrix of BEATRICE LEVY, Deceased, et al., Respondents-Appellants; SOCIETY OF THE NEW YORK HOSPITAL et al., Respondents.

First Department, February 27, 1964.

*David J. Levy* of counsel (*Monroe L. Friedman* with him on the brief; *Maass, Davidson, Levy, Friedman & Weston,* attorneys), for appellants-respondents.

*Peter C. McBean* of counsel (*Gerald A. Fix* with him on the brief; *Davis Polk Wardwell Sunderland & Kiendl,* attorneys), for respondents-appellants.

*John J. Loflin, Jr.,* of counsel (*Edward K. Bachman* and *Leonard A. Blue* with him on the brief; *Kelley Drye Newhall Maginnes & Warren,* attorneys), for the Society of the New York Hospital, respondent.

*Arthur W. Graef* for Chase Manhattan Bank, respondent.

*Thacher Proffitt Prizer Crawley & Wood* for the American Society for the Prevention of Cruelty to Animals, respondent.

*Per Curiam.* This is an appeal in an accounting and construction proceeding. The issue to be determined is whether lapsed or divested remainder interests in a testamentary trust upon termination shall be included in a disposition of the remaining residuary of the trust or treated as intestate property of the testatrix.

Since there is unanimity of the court that the remainder interests did not finally vest, that part of the decree which failed to include any payment to the appellants, the estates of the divested remaindermen, should be affirmed.

By paragraph Fourth of her will the testatrix created a trust of the residuary estate with income to her daughter, Otonita Urchs Pope, for life and then to her first-born grandson, Edgar M. Pope, Jr. The trust was to terminate when Edgar reached the age of 35 at which time he was to receive one half of the principal. Of the remaining one half, $2,500 was to be paid to the Society for the Prevention of Cruelty to Animals, $10,000 each to her nieces, Beatrice Levy and Gertrude Berlow, and the "balance" to be paid to the Society of the New York Hospital (referred to in the will as the Lying-in Hospital). Both nieces died without issue subsequent to the testatrix but prior to the termination of the trust in 1961. The life benficiary had two other children subsequent to the death of the testatrix.

Paragraph Fifth of the will provided for contingencies which did not occur, i.e., the death of Edgar before the life income beneficiary, or his death thereafter, but before reaching the age of 35 years. In either such event the trust principal, after a minor bequest, was to be divided one third to each niece and the other to the hospital.

Paragraph Sixth of the will stated: " Sixth: In the event that any one of the individual legatees mentioned in Paragraphs Third or Fourth and Fifth of this Will shall be deceased at the time for the vesting in them, respectively, of any legacy under this will, the legacy to which such legatee may have been entitled, if living, shall go to their respective issue, per stirpes and not per capita, in equal shares."

The Surrogate, relying upon *Matter of Storm* (18 A D 2d 656), concluded that the remainder interest or legacies of the nieces vested at the time of the death of the testatrix subject to be divested by their failure to survive the termination of the trust or leave issue. Since both of these contingencies did happen it was held that the interest or legacies lapsed. With this holding the court is in unanimous accord. The point of division is whether such lapsed legacies shall become a part of the intestate estate of the testatrix, in which event it would be distributed to the appellants who were her heirs at law, or whether the lapsed legacies shall be included in the residuary or " balance " of the trust payable to the hospital. The majority concludes that the lapsed legacies should be included in the residuary payable to the hospital.

In so holding we are not unmindful of the dicta in *Wright* v. *Wright* (225 N. Y. 329), which reluctantly followed the unconvincing and unsatisfactory rule that in the absence of expressed or implied provision for disposition the court will direct that a lapsed residue of a residue will go by intestacy rather than augment the remaining residum. However, in construing a will it is still the primary obligation of the court to ascertain the intention of a testator. (*Matter of Dammann,* 12 N Y 2d 500, 504.) Indeed, one of the main criticisms of the residue of a residue rule is that its strict application in the name of *stare decisis* often defies and possibly circumvents the clear intent of the testator. It is our view that the testatrix did create a valid residuary to include the lapsed legacies and further manifested a clear intention in her will to favor the hospital as a residuary legatee. (*Matter of Dammann,* 12 N Y 2d 500, *supra.*)

Paragraph Fourth of the will leaves specific bequest from one half of the remaining principal of the trust to the two nieces of $10,000 each, $2,500 to the ASPCA and the " balance " to the hospital. The minority considers this to be a gift to the hospital of one half of the trust fund less $22,500 thereby fixing the amount of the residuary by this formula. We construe paragraph Fourth to be that the gifts to the nieces fixed a maximum limitation upon their interest in the trust rather than limiting the hospital's residuary share. The bequest to the hospital

of the "balance" of the trust rather than a fixed sum indicates a desire on the part of the testatrix to include therein all property not otherwise disposed of effectively. Thus if the balance had consisted of securities which appreciated in value the hospital would have received the benefit of such appreciated value, not the nieces. The use of the language such as "residue", "balance" or "surplus" has long been recognized to include property not otherwise disposed of effectively (2 Davids, New York Law of Wills, § 707). Accordingly, the lapsed legacies should be added to the balance of the trust paid to the hospital.

Moreover, this is in keeping with the intention of the testatrix. It was her desire to provide only for her daughter and her daughter's "first born child" Edgar. She made no provision for any subsequent grandchildren, although Edgar was less than two years of age when the will was executed. She expressed no desire to provide for any heirs at law. The will also establishes a pattern that despite any contingency the hospital was always to be a residuary legatee. And the chances of the nieces receiving any benefits at all were remote. For at the time of the execution of the will the nieces were both without issue and 44 and 49 years of age respectively. Thus at the time of the termination of the trust at Edgar's reaching the age of 35, the nieces would have been 78 and 83 years of age. Clearly, therefore, it was the intention of the testatrix to benefit the hospital as a principal recipient of the residuary of the trust and to include any lapsed legacies in its share.

In this respect *Wright* v. *Wright* (225 N. Y. 329, *supra*) is not to the contrary. There it was held that certain lapsed legacies to a library should be distributed by intestacy. However, since the heirs at law never appealed, the distribution of the legacy to the library's successor was affirmed. The enunciation of the residue of a residue rule therefore was dicta. The fact remains that the clear intention of the testator was carried out.

*Matter of Hayman* (134 Misc. 803, affd. 229 App. Div. 853, affd. 256 N. Y. 557) and *Matter of Cokefair* (173 Misc. 196, affd. 261 App. Div. 900), which relied upon the dicta in *Wright* v. *Wright* (225 N. Y. 329, *supra*), are also distinguishable. Both involved failures of powers of appointment. The testators, by providing for such powers, manifested a clear intention that remainder interest should be specifically disposed of and not be included in the balance of the residuary. No similar intention can be found in the instant case.

Accordingly, the decree should be affirmed.

McNALLY and WITMER, JJ. (dissenting). In paragraph Fourth of her will the testatrix gave the residue of her estate in trust for the use of her daughter for life, then for the use of the daughter's son, Edgar, until he should attain 35 years of age, at which time the trust should cease, and one half of the corpus thereof should be paid to him absolutely. The daughter and grandson, Edgar, survived the testatrix, after which the daughter died and later Edgar attained the age of 35 years; whereupon one half of the trust remainder became his absolutely. With respect to the remaining half of the trust fund testatrix provided that $2,500 thereof should be paid to the Society for the Prevention of Cruelty to Animals; $10,000 be paid to the testatrix' niece, Beatrice Levy, $10,000 be paid to testatrix' niece, Gertrude Borlow [*sic*]; and that "the balance of said one-half share shall be paid by my said executor and trustee to Lying-In Hospital of the City of New York."

Beatrice and Gertrude each survived the testatrix but died without issue before Edgar reached the age of 35 years.

In paragraph Sixth of her will testatrix provided as follows: "In the event that any one of the individual legatees mentioned in Paragraphs Third or Fourth and Fifth of this Will shall be deceased at the time for the vesting in them, respectively, of any legacy under this will, the legacy to which such legatee may have been entitled, if living, shall go to their respective issue, per stirpes and not per capita, in equal shares."

We are all agreed that under the terms of testatrix' will said two $10,000 legacies to Beatrice and Gertrude or their issue were not to vest until the termination of the trust, and that since they each died without issue before such time both of such legacies failed. The majority agree with the Surrogate who held that the two lapsed legacies fall into "the balance of said one-half share" of the trust which is given to Lying-In Hospital of the City of New York. We disagree.

Upon the termination of the trust the testatrix gave from one half thereof $22,500 to three general legatees and gave "the balance" thereof to the hospital. She made no effective gift of the two $10,000 legacies to her nieces or their issue, and made no provision for the disposition of those legacies in the event they should lapse. The gift of "the balance" to the hospital was a gift of one half of the trust fund less the $22,500. The testatrix did not phrase the gift to the hospital in the language of a residuary bequest of said one half of the trust fund. Although the result reached by the Surrogate and the majority might be what the testatrix would have wanted had she considered the matter, the fact is she did not provide for it. The

cases are clear that in the absence of express or implied provision for the disposition of the residue of a residue the court may not create one. (*Wright* v. *Wright,* 225 N. Y. 329, 339–341; *Matter of Hayman,* 134 Misc. 803, 808 [FOLEY, S.], affd. 229 App. Div. 853, affd. 256 N. Y. 557; *Matter of Cokefair,* 173 Misc. 196 [FOLEY, S.], affd. 261 App. Div. 900.) In the *Wright* case (*supra,* p. 341) the court applied the rule with some reluctance, saying that " as the result of inheritance and frequent repetition the rule has become too firmly established to be disregarded ". There is no need for reluctance in the case at bar. Indeed, the application of the rule is particularly appropriate and proper herein in view of the strong policy of the law to favor direct descendants of a testator. (*Matter of Gulbenkian,* 9 N Y 2d 363, 371; *Matter of Larkin,* 9 N Y 2d 88, 92.)

The *Hayman* and *Cokefair* cases (*supra*), decided by Surrogate FOLEY and affirmed by this court, are directly in point and conclude us herein. In the case at bar the Surrogate expressed unhappiness with the rule. As noted above, the Court of Appeals did the same in the *Wright* case (*supra*), but they nevertheless felt compelled to follow it. We think we are likewise compelled; but as indicated, under the circumstances of this case the reason for reluctance is much less. In view of the above-cited authorities, if the rule therein applied is to be changed, it should be done by the Legislature or by the Court of Appeals and not by this court.

BOTEIN, P. J., STEVENS and STEUER, JJ., concur in *Per Curiam* opinion; MCNALLY and WITMER, JJ., dissent in opinion.

Decree affirmed, with costs to all parties filing briefs payable out of the estate.