In the Matter of the Accounting of MATHIAS P. POERSCH, as Surviving Trustee of a Trust Created by FRANK C. O'BRIEN, Deceased, Respondent.

GERTRUDE E. KELLIHER et al., Appellants; JOHN G. SMITH et al., as Administrators of the Estate of GRACE S. O'BRIEN, Deceased, et al., Respondents.

Third Department, October 29, 1965.

88

*Cook & Cook* (*Vernon Murphy* of counsel), for Gertrude E. Kelliher and others, appellants.

*Dan G. Farano* for Elizabeth M. Looby, appellant.

*John B. Poersch* and *Mathias P. Poersch,* in person, for Mathias P. Poersch, respondent.

*Anthony P. Lucas,* special guardian for persons unknown, respondent.

*John F. O'Connor* for Emily McElroy, appellant.

*Franklin P. Gavin* for Loretta M. Meyer and others, appellants.

*Murphy, Aldrich, Guy, Broderick & Simon* (*Harold E. Blodgett* of counsel), for John G. Smith and others, respondents.

AULISI, J. Appellants seek review of a decree of the Surrogate's Court of the County of Schenectady, entered on June 30, 1965, and intermediate orders of said court which denied motions for an adjournment, for leave to file objections, to remove and replace the trustee, to remove the special guardian and for a stay of proceeding pending appeal.

The source of the dispute is a $100,000 trust created under the second paragraph of the will of Frank C. O'Brien dated August 28, 1930. Mr. O'Brien died on May 25, 1932, and his only

distributees were his widow, Grace S. O'Brien, and two brothers, John J. O'Brien and William A. O'Brien. The income from the trust was to be paid to his wife, " during her life so long as she remain my widow and unmarried," and upon her death or remarriage, " the said trust to end and the principal thereof to merge with and become a part of the residue of my estate." By paragraph " Fifth " testator provided that should he die leaving no children surviving, " I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal and wheresoever situate to my brother, William A. O'Brien." He also named said brother executor and trustee. The will was admitted to probate on June 10, 1932. John J. O'Brien died intestate on September 15, 1938, leaving his brother William A. O'Brien as his only distributee. The latter died on July 2, 1957. His will dated December 15, 1934, and admitted to probate on August 19, 1957, provided that at his death all his property, both real and personal, was to be put in trust with the net income for the use of his brother John J. O'Brien during his life. The third paragraph of this will reads as follows: "Upon the death of my said brother John J. O'Brien, all the rest, residue and remainder of my property and estate * * * I give, devise and bequeath unto my sister-in-law, Grace S. O'Brien, absolutely and forever." The same sister-in-law was named executrix and trustee.

After William's death, Grace S. O'Brien and Mathias P. Poersch were appointed successor trustees of said $100,000 trust. Mrs. O'Brien, who never remarried, died intestate on July 19, 1964, leaving a brother, John G. Smith, her only distributee. On May 19, 1965, Monsignor William M. Slavin and Harold E. Blodgett, two of respondents herein, were appointed administrators of her estate. Mr. Poersch, the surviving trustee of the $100,000 trust petitioned the Surrogate's Court for a judicial settlement of his account as trustee on January 20, 1965. A citation and a supplemental citation were issued to respondents and appellants, returnable May 10, 1965, at which time the proceeding was adjourned to June 15, 1965, at the request of the appellants. They requested a further adjournment at the latter date and upon same being denied the attorney for the administrators of the Grace S. O'Brien estate moved that the court order said trust fund be paid to said administrators and that all persons be dropped and eliminated from the accounting proceeding except said administrators and John G. Smith. An attorney for one of the appellants objected to the motion. Two attorneys representing most of the other appellants were not in court on June 15, 1965. The Surrogate announced the pro-

ceeding was adjourned to June 22, 1965, at which time he would hand down a decision and that he would consider any memorandum of law or anything any counsel had to file until midnight June 21. At the adjourned date, June 22, 1965, after hearing counsel representing all parties the Surrogate granted respondents' motion to drop appellants from the proceeding and directed the surviving trustee to pay the trust fund to the administrators of Mrs. O'Brien estate. All motions made by appellants were denied.

Appellants contend that the ex parte motion of June 15, to drop them was decided without notice to them thus depriving them of due process of law. This is untenable and we perceive no reason for disturbing the Surrogate's decree. We find that the Surrogate did not abuse his discretion. Upon his own initiative, he could drop any unnecessary parties (CPLR, § 1003; Surrogate's Ct. Act, § 316). Appellants were cousins, once removed, or their widows, or descendants and were not proper parties (see *Matter of Henesey*, 3 Misc. 2d 660, affd. 3 A D 2d 834). They had no interest in these proceedings (Surrogate's Ct. Act, § 262; 12 Carmody-Wait, N. Y. Prac., § 1871) and their contention that the assets of the trust should be distributed as in intestacy is of little help to them. Property that is to be distributed as intestate property passes to those who were the distributees of the testator at the time of his death (*Matter of Fairchild*, 81 N. Y. S. 2d 111, affd. 275 App. Div. 705, mot. for lv. to app. den. 275 App. Div. 803, 300 N. Y. 760; *Doane* v. *Mercantile Trust Co.*, 160 N. Y. 494). The testator's distributees, at his death, were his brothers, John and William, and his widow, Grace. Upon John's death, William received all his estate and upon William's death his entire estate, except for a minor legacy, passed by will to Grace.

Moreover, in the light of the clear language of the will before us, we cannot escape the conclusion that upon testator's death William became indefeasibly vested with the remainder of the trust (Real Property Law, § 40; *Matter of Clearwater*, 14 A D 2d 625; *Stringer* v. *Young*, 191 N. Y. 157; *Matter of Weaver*, 253 App. Div. 24, affd. 278 N. Y. 605) and that his death prior to the termination of the life estate did not affect his power to transfer his remainderman interest by will (*Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573; *Connelly* v. *O'Brien*, 166 N. Y. 406).

The decree should be affirmed.

Gibson, P. J., Herlihy, Reynolds and Hamm, JJ., concur.

Decree affirmed, with costs to each party filing a brief payable from the estate.