William W. Serra, J.
An application is made in the matter of the estate of Walter B. Craig by Burdette J. Hasper as administrator with the will annexed of the estate of Walter B. Craig for a construction of the last will and testament of the said Walter B. Craig. Although not specified in the petition, the court takes judicial notice from its files of the fact that Burdette J. Hasper, as executor of the estate of Charlotte C. Craig is concerned in the disposition of the estate of Walter B. Craig under the provisions of the will of Walter B. Craig which are sought to be construed. The petition indicates that the residuary legatees of the estate of Charlotte C. Craig are concerned and by reason thereof have also been cited. Such interest as they may have in the estate of Walter B. Craig is derivative through the estate of Charlotte 0. Craig. The particular provision of the estate of Walter B. Craig which is sought to be construed is paragraph 3 of the last will and testament of Walter B. Craig. Paragraph 3 provides that the residuary of the estate of Walter B. Craig is given to his sister Charlotte C. Craig for life with a power of invasion. This portion of the paragraph is not in dispute. However, the balance of the paragraph providing as follows is sharply in dispute: ‘1 Upon the death of my sister, I give, devise and bequeath so much of the said property not used by my sister during her lifetime to Frank Hubbard of Castile, New York, and Ethel Bluestone of Canaseraga, New York, equally, share and share alike.” Charlotte C. Craig is the sister of Walter B. Craig. The last will and testament of Walter B. Craig was dated June 23, 1959, and Walter B. Craig died May 9, 1964. He was survived by his sister Charlotte C. Craig, to whom also letters testamentary were issued on May 22, 1964. Charlotte C. Craig died on March 12, 1968. Frank Hubbard, who is specified in the will to share in the remainder of the residuary *266 of the estate, predeceased both Walter B. Craig and Charlotte C. Craig, having died on July 19, 1963. It is the contention of the estate of Charlotte C. Craig and the beneficiaries therein that the share of the estate left to Frank Hnbbard under the disputed clause becomes an asset of the estate of Charlotte C. Craig in intestacy, she being a sole distributee. It is the contention of Ethel Bluestone that the remainder of the residuary should be paid to her as sole surviving remainderman. These contentions are set forth in the petition of Mr. Hasper as fiduciary in both estates and all cited persons have defaulted in appearance except for the Attorney-General of the State of New York, appearing on behalf of charities entitled to a share of the Charlotte C. Craig estate. In examining the statutes and interpretations concerned with the construction of wills in such cases, attention is called to section .66 of the Real Property Law in effect at the time of the death of Walter B. Craig, which provided as follows: “ When estate in common; when in joint tenancy. Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy; but every estate, vested in executors or trustees as as such, shall be held by them in joint tenancy. This section shall apply as well to estates already created or vested as to estates hereafter granted or devised.” Section 84 of the Decedent Estate Law affecting the distribution of property, generally, in effect on the date of the death of Walter B. Craig, read as follows: ‘ ‘ Descent, sole or in common. When there is but one person entitled to inherit he shall take and hold the inheritance solely; when an inheritance or a share of an inheritance descends to several persons they shall take as tenants in common, in proportion to their respective rights.” (L. 1929, ch. 229, § 6, eff. Sept. 1, 1930.)
Construing these sections, the law has been firmly established, that gifts which do not specifically direct that they shall be joint, are received as tenants in common and not jointly. Property devised and bequeathed in the residuary of an estate to named children, share and share alike, were held to have vested absolutely as tenants in common in the realty (Matter of Schemel, 114 N. Y. S. 2d 308). Real property devised to two named daughters in equal shares, share and share alike, even though a codicil providing that in the event of and before any sale of realty by the daughters as joint tenants, either had the option to purchase the other’s interest was deemed to be a tenancy in common, and a devise of real estate to a daughter to share with a son was construed to be *267 a devise as tenancy in common. (Matter of O’Hara, 116 N. Y. S. 2d 838; Matter of Stephan, 199 Misc. 118.) Such construction in the lower courts has followed a long standing rule in the Court of Appeals. (Moffett v. Elmendorf, 152 N. Y. 475; Matter of Hoffman, 201 N. Y. 247; Mott v. Ackerman, 92 N. Y. 539; Matter of Kimberly, 150 N. Y. 90.)
By reason of the foregoing, it is deemed and construed by the court that the interest of Frank Hubbard in the estate of Walter B. Craig under the disputed provision is determined to have lapsed. Under the present provisions of EPTL 3-3.4, to prevent such lapsation provision is made to pass to and invest in remaining residuary beneficiary the ineffectual part of the devise and bequest. Such provision, however, did not become effective until September 1, 1967, and the law in effect in 1954 must, therefore, be deemed to have been invoked in this estate and to have been in effect on May 22, 1964. For similar holding, see opinion of Surrogate William J. Regan in Matter of Auwerter (June 19, 1969, Erie County).
For the purpose of computing the apportionment between the remaindermen of the life estate, the executor will determine the share of the estate which, at the death of Walter B. Craig is deemed to have vested as an intestacy and the share which would have vested in Ethel Bluestone as equal shares. The power of the life beneficiary was ‘ ‘ to use the income therefrom as she may see fit, with the power to use so much of said property for her support and maintenance during her lifetime as she may determine to be necessary without regard for any other property or independent source of income she may have.” The life tenant has kept the assets of the Walter B. Craig separate from her own assets, has consumed all the life income and about $1,900 of principal according to the executor. Under such circumstances, upon a rendering of the final account, the court will consider all use of income and all invasions of principal to have been equal invasions of both residuaries under the authority of the provisions of the will set forth, supra. Distribution will be made then, pro rata as in intestacy to the extent of one half and to Ethel Bluestone to the extent of one half of the remainder at the date of the death of the life tenant, as adjusted to settlement and distribution by income and expense.