George E. Severson, S.
Decedent died September 20, 1961 a resident of this county. His will, dated December 16, 1954 was probated in this court on September 27, 1961. In this final account, a question has been raised as to the manner of distribution of the 12% interest of Anna Brown, a legatee who predeceased the testator.
The question arises in the following manner. Paragraph First of the will contains the usual directions relating to debts, funeral and testamentary expenses. Paragraph Second reads: "All the rest, residue and remainder of my estate of whatsoever kind and nature, real, personal and mixed, and wheresoever situated, of which I may die seized or possessed or in which I may have any interest or over which I may have any power of appointment or testamentary disposition including any lapsed legacies, I give, devise and bequeath to my Trustee, hereinafter named, IN TRUST, for the following uses and purposes:” (emphasis supplied). Then follow subpara *765 graphs A, B and C relative to payment of interest and a portion annually of principal to the surviving spouse.
Paragraph Third provides that "Upon the death of my said wife my Trustee shall pay and distribute the principal remaining in said trust as follows. A. The following portions or percentages of said principal to the parties herein named:”. In subparagraph A, bequests totaling 70% are given to 15 different legatees in various expressed percentages, including the 12% to Anna I. Brown, the share in question here. Then follows the following subparagraph: "B. All the rest, residue and remainder of said principal after the payments mentioned in Sub-paragraph 'A’, above, I give, devise and bequeath to the University of Wisconsin to establish a scholarship for the benefit of worthy students in need of financial help.”
The trustee in its account proposes to distribute the 12% interest of Anna I. Brown as a lapsed legacy to the University of Wisconsin.
Several of the legatees, appearing pro se, urge that the 12% interest in question be distributed among the remaining legatees named in paragraph Third A. Their argument to succeed must be based on a finding that paragraph Third B, although worded as a residuary clause within a residuary clause really was intended as a gift of the remaining per centum (30%) after the gift of specified percentages to the other legatees mentioned in paragraph Third A, the result being a gift of the entire residue in percentages, each legatee to receive the percentage indicated only and no more, with the share of a predeceased legatee to be disposed of by law. This strained interpretation attempts to bring into play the provisions of EPTL 3-3.4 which provides as follows: "Whenever a testamentary disposition of property to two or more residuary beneficiaries is ineffective in part, as of the date of the testator’s death, and the provisions of 3-3.3 do not apply to such ineffective part of the residuary disposition nor has an alternative disposition thereof been made in the will, such ineffective part shall pass to and vest in the remaining residuary beneficiary or, if there are two or more remaining residuary beneficiaries, in such beneficiaries, ratably, in the proportions that their respective interests in the residuary estate bear to the aggregate of the interests of all remaining beneficiaries in such residuary estate.”
The quoted legislation was effective September 1, 1967 and was intended to change the "no residue of a residue” rule *766 theretofore existing in the State of New York to the effect that, as here, if one of several residuary legatees died before his interest vested, and further that if an intent could not be ascertained from a reading of the will that some other disposition was made of the interest in the estate in question to or among other legatees, such lapse resulted in an intestacy (Matter of Urchs, 15 NY2d 893, modfg 20 AD2d 291).
The argument advanced is defective in two respects. First, EPTL 3-3.4 when read with EPTL 1-1.5 relating to rights accrued under dispositions in effect prior to the effective date of the chapter is not retroactive to the estate of a person dying prior to such effective date under the circumstances of this case where the legatee predeceased the decedent. (Matter of Amann, 35 AD2d 720; Matter of Craig, 60 Misc 2d 264.) Second, even if the statute were controlling there is an alternate disposition of the legacy in question in the will which also satisfies the rule in effect prior to September 1, 1967, applicable to this case, that no intestacy results when a portion of the residuary gift fails where a contrary intent is found in the will. (Matter of Dammann, 12 NY2d 500; cf. Matter of Urchs, supra; 7 Warren’s Heaton, Surrogates’ Courts [1972 Rev], § 16.) No straining of the language used by this testator is necessary to find his intent, as he clearly and specifically mentioned the possibility of lapsed legacies in his will, and in my opinion, properly disposed of such.
Paragraph Second as quoted above includes lapsed legacies in the gift to the legatees of the remainder. There are no legacies in the will other than the provisions for the wife and the remainder in percentages as stated above. (Matter of Cotterell, 36 Misc 2d 1056.) Testator had to have in mind that should one of the legatees receiving a percentage of the estate in paragraph Third A of the will predecease him, this lapsed legacy was to be distributed to the University of Wisconsin under the clear language used in paragraph Third B. The fact that the remaining 30% was not spelled out in that fashion by the testator was to provide for the contingency as he stated "[a]ll the rest, residue and remainder of said principal after the payments mentioned in Sub-paragraph 'A’ above” that should there be any lapse, such lapse would inure to the benefit of the University of Wisconsin, and I so hold.
None of the legatees that disagree with the proposed distribution in the account of the lapsed legacy to the University of Wisconsin are distributees of the decedent that would benefit *767 by holding of intestacy as to this legacy. The same result based on the same reasons would be dictated against any claim that the 12% interest of Anna I. Brown lapsed and became intestate property. The distributees were mentioned as legatees and were given notice but did not appear to raise this question.
In a related problem, 2% of the estate after the death of the wife under paragraph Third A was given to the Lutheran Home for Aged of Eau Claire, Wisconsin. This home has closed but its functions absorbed by the American Lutheran Homes, Inc., to which distribution of the 2% interest is proposed to be made. In view of the foregoing holding, the only parties entitled to be heard on this proposed distribution and to object thereto are the University of Wisconsin and the Attorney-General of the State of New York. Neither party objects to this proposed distribution so that the said 2% interest as aforesaid shall be paid to the American Lutheran Homes, Inc. for the benefit of the aged.