■ THOMAS SOLIMINE, Appellant, v ROBERT YALE et al., Respondents, et al., Defendants. [722 NYS2d 121] —Lahtinen, J. Appeal from an order of the Supreme Court (Dowd, J.), entered January 6, 2000 in Otsego County, which, inter alia, granted a cross motion by defendants Robert Yale and Charles Rappa to remove them as party defendants.

Plaintiff commenced this negligence action against, among others, defendants Robert Yale, Charles Rappa, Rappa Yale Properties, Inc. (hereinafter defendant corporation) and Patrick Broe seeking damages for personal injuries he suffered on August 18, 1998 when he was burned in the building where he was employed by Bay Fireworks Company after an explosion set the building on fire. The complaint alleges that Yale and Rappa were the owners of the subject building and managed and controlled it in a negligent fashion which substantially caused plaintiff's injuries. Plaintiff seeks recovery from defendant corporation by alleging that it participated in the negligent maintenance of the building. Plaintiff's complaint also alleges that Broe is responsible in damages because he negligently constructed the building.

Thereafter, plaintiff moved to amend his complaint to add the County of Otsego and the Town of Maryland as additional defendants. Yale and Rappa cross-moved, pursuant to CPLR 1003, to be dropped as party defendants on the ground that they were unnecessary parties to the action, averring in separate, similar affidavits that defendant corporation owned the building where the explosion and fire occurred and that neither ever individually owned the premises. When plaintiff submitted proof of Yale's and Rappa's ownership of the building from May 25, 1991 through June 17, 1995, those defendants submitted reply affidavits acknowledging their respective, individual ownership of the building and stated that their original

affidavits should have stated that they never owned the property "at any time relevant." Supreme Court, *inter alia*, granted the cross motions of Yale and Rappa and plaintiff appeals from that portion of Supreme Court's order.

Plaintiff's theory of liability against Yale and Rappa as alleged in his complaint was premised upon their ownership, management and control of the subject premises. There is no dispute that the defendant corporation, not Yale and Rappa, owned and therefore managed and controlled the building at the time of the occurrence and had owned it for more than three years. We find unpersuasive plaintiff's claim that Yale's and Rappa's factual inaccuracy concerning their prior individual ownership of the premises, coupled with the fact that no discovery has been conducted, should preclude the moving defendants' request to be dropped from the law suit. Supreme Court's decision in this action is discretionary in nature and will not be disturbed in the absence of an abuse of that discretion, which is not evident from this record (*see, e.g., Matter of O'Brien*, 24 AD2d 87, 90, *lv denied* 17 NY2d 422).

Mercure, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.