█ DAN R. ENTERPRISES, Doing Business as VILLAGE AUTO/ DAN RUBIN, Appellant, v KUGLERS SERVICE STATION, INC., et al., Respondents. [768 NYS2d 838]—

Carpinello, J. Appeal from an order of the Supreme Court (Kramer, J.), entered March 31, 2003 in Schenectady County, which, inter alia, granted that portion of defendants' motion seeking to strike Dennis Kugler as a party defendant.

Plaintiff leased commercial property from defendant Kuglers Service Station, Inc. (hereinafter defendant) for the purpose of operating a vehicle repair shop. The lease term spanned a 14-month period and contained a default provision permitting repossession of the premises "without further notice" if plaintiff failed "to cure any financial obligation" within five days of written notice of default. It is undisputed that plaintiff failed to pay any rent after the first month of the tenancy because it could not generate enough business to do so. It is also undisputed that the locks on the premises were thereafter changed by defendant's president, defendant Dennis Kugler, thus precluding plaintiff's proprietor from entering the premises.

Plaintiff now seeks to recover treble damages against defendant and Kugler individually for forcible dispossession (see RPAPL 853). Supreme Court granted a defense motion to strike Kugler as an individual party. Since the conduct alleged against him was clearly performed in his capacity as defendant's president, we are unable to conclude that Supreme Court abused its discretion in granting the motion and striking Kugler as a party

(*see Solimine v Yale*, 281 AD2d 796, 797 [2001]; *see generally We're Assoc. Co. v Cohen, Stracher & Bloom*, 65 NY2d 148 [1985]).

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.