OPINION OF THE COURT
Anthony A. Scarping, Jr., S.
*448 This is a proceeding brought by The Bank of New York (petitioner), as successor trustee of the trust established in paragraph Second under the will of Russell Hobert (decedent) to: judicially settle its final account, approve the legal fee of Magdalen Gaynor, Esq., approve the legal fee of Donald S. Klein, EC., approve the legal fee of Permutt & Permutt, direct payment of trust income accrued through the date of the death of the income beneficiary to her estate, direct payment of all trust principal to the executrix of the estate of Robert J. Hobert, and release and discharge the trustee. Objections were filed by Linda H. Robbins (objectant) asserting, inter alia, that the trust principal should be paid to her rather than to her father’s estate.
The decedent passed away on July 29, 1984, leaving a will dated June 4, 1958, which was duly admitted to probate. Paragraph Second of the will directed the executor to set aside one third of the net estate and, from that sum, pay $2,500 outright to his spouse, Gladys Hobert, and hold the rest in trust for Gladys, paying her the net income for the duration of her life. Paragraph Second (b) directed the trustee, upon her death, to pay the remaining trust assets: “in the same manner hereinafter provided for the disposition of my residuary estate.” Paragraph Fourth bequeathed the remainder of the estate to Robert, the decedent’s son. When Gladys passed away in April of 2003, the trust ended. However, Robert had predeceased her in April of 1994. Robert’s will left 50% of his estate to his wife, Donna M. Hobert, and 50% to Linda Robbins, his daughter, who is the objectant.
The petitioner seeks approval of the payment of all trust principal to the executrix of Robert’s estate, Donna Hobert. Petitioner’s memorandum of law in support of its position asserts that Robert’s interest in the balance of the trust principal became indefeasibly vested at the time of the testator’s death and must be distributed to Robert’s estate.
Objections 1, 2 and 7 address the disposition of the trust remainder. The objectant contends that Robert’s interest in the residue did not vest indefeasibly until the death of the life tenant. Therefore, because the remainderman predeceased the life tenant, the trust principal passes by intestacy to her as the decedent’s sole heir. The executrix of Robert’s estate has filed a brief in support of the petitioner and in opposition to the object-ant.
The court’s primary consideration in construing a will is to determine the testator’s intent, as gleaned from a sympathetic *449 reading of the entire will (Matter of Larkin, 9 NY2d 88, 91 [1961]). If a will reveals a dominant purpose or plan, the individual parts must be interpreted in accordance with that plan, and the actual purpose of the testator be given effect as far as possible (Matter of Fabbri, 2 NY2d 236, 240 [1957]; Matter of Larkin, 9 NY2d at 91, supra).
The testator’s dominant purpose was clearly to benefit his wife and son, having named them as his heirs individually and unconditionally. However, Robert’s enjoyment of the gift of the residue of the trust is postponed during Gladys’ life. The court must determine whether the testator intended for the gift to vest immediately and indefensibly, or whether vesting of the gift was subject to divestment upon the remainderman’s failure to survive the life tenant.
EPTL 6-4.7 defines “a future estate indefensibly vested” as one created in favor of one or more ascertained persons in being which is certain to come into possession and cannot be defeated or abridged. The objectant asserts that the remainderman was granted only a “future estate vested subject to complete defeasance.” EPTL 6-4.9 defines that interest as one in favor of ascertained persons in being, which would become an estate in possession upon the expiration of the preceding estates, but may end or be terminated by the creator at, before or after the expiration of the preceding estates.
The objectant contends that, because the trustee was instructed to terminate the trust and dispose of the remainder only after the death of the lifetime beneficiary, the decedent intended to create a remainder which was contingent upon Robert surviving the life tenant. The objectant asserts that, at the time the will was drafted, the common law generally required that, in such a situation, the lapsed interest would pass to the decedent’s intestate distributees, citing Matter of Urchs (20 AD2d 291 [1964], mod on dissenting op of McNally and Witmer, JJ., 15 NY2d 893 [1965]). She claims that, with the death of her father, she is the decedent’s sole intestate distributee.
While the general presumption is that a testator’s intestate distributees are to be ascertained as of the time of the decedent’s death (Matter of O'Brien, 24 AD2d 87, 89 [1965]), that assumption does not necessarily apply in situations like that here, where the gift is deferred and a life estate intervenes (Matter of Gulbenkian, 9 NY2d 363, 369 [1961]; Matter of Larkin, 9 NY2d at 91, supra). The court must then construe the testator’s intentions from the language of the will (Matter of Gulbenkian, 9 *450 NY2d at 370), neither adding nor subtracting words (see Matter of Krooss, 302 NY 424, 428-429 [1951]).
The testator chose not to include the phrase “or his issue” in paragraphs Second and Fourth, but simply made the gifts to Robert unconditionally, “for his own use and benefit, absolutely and forever.” The testator could easily have designated his grandchildren, issue, or distributees as alternate beneficiaries by adding those words to the will, while omitting “for his own use and benefit, absolutely and forever.” However, he chose not to do so. The court cannot rewrite the will by presuming that the testator intended for the trust remainder to pass by intestacy, because there is no language in the will to support such a result, and no authority in the court to add the necessary language (id. at 428). The testator’s intent must be divined from the words and provisions the will does contain (Matter of Gulbenkian, 9 NY2d at 370).
The estate in the trust remainder was created in favor of an ascertained person (Robert), was certain to come into possession at a specified time (upon Gladys’ death), and is not subject to conditions which would defeat or limit it, nor does the will describe any event which triggers the termination or limitation of Robert’s rights in the trust res. Therefore, Robert’s interest falls within the EPTL 6-4.7 definition of a “future interest indefeasibly vested.”
This conclusion is supported not only by the statutes, but also by the canons of construction. Robert was designated as beneficiary by name, rather than as a member of a class (see Matter of Akins, 88 Misc 2d 948 [1976]; Matter of Baer, 147 NY 348 [1895]), the gift was not subject to a condition or contingency (see Matter of Krooss, 302 NY at 428, supra), and the will included no words implying survivorship, such as “if he survive[s] me” or “to my son or his lawful issue” (see Matter of Gulbenkian, 9 NY2d at 369; Matter of Akins, 88 Misc 2d at 953, supra). While the objectant argues, accurately, that the rules of construction do not take precedence over the testator’s intent, those rules were devised to assist the court in ascertaining that intent and may not be ignored to force a result contrary to the expectations of the testator and his draftsman (Matter of Bellows, 103 AD2d 594, 597 [1984], affd 65 NY2d 906 [1985]; Matter of Krooss, 302 NY at 428, supra).
Further, New York’s long-standing preference for earlier, rather than later, vesting avoids intestacy and determines as early as possible the persons having an interest in the will (see *451 In re Wilkinson’s Will, 114 NYS2d 423 [1952]; Matter of O’Brien, 24 AD2d at 89, supra). Scrutinizing the language of the will, and considering the testator’s intentions as manifest in that language, it is apparent that the testator intended the gift to vest immediately (see Matter of Flatto, 86 Misc 2d 502, 503 [1975]).
Matter of Bostwick (236 NY 242 [1923]) does not compel a different result. In that case, Judge Cardozo explained that the trust beneficiary who fulfilled one condition for the vesting of his title to the trust remainder, but not a second condition, was not entitled to one half of the remainder or to any of the trust estate. In this case, no conditions were specified. The cases cited by the objectant concerning gifts to a class, rather than to named persons, are not applicable here. Accordingly, objections 1, 2 and 7 are dismissed.
Objection 3 protests the distribution of the trust remainder to the executrix on the grounds that the executrix’s actions have indicated that she will not administer the estate fairly. Neither facts nor evidence have been adduced to support the objection, nor have grounds for disqualification pursuant to SCPA 707 been pleaded or proven. The objection is dismissed.
Objection 4 protests the fee sought for Donald S. Klein, EC., for services rendered in 1996 in relation to the petition for the appointment of a successor trustee. The petitioner has withdrawn that prayer, and approval of the fee payment is no longer a part of the relief being sought.
The objectant’s fifth objection protests the trustee’s failure to account in schedule C-l for reimbursement of legal fees and costs which she allegedly advanced personally for the purpose of having a successor trustee appointed. However, she has provided no facts, documents, testimony or explanations as to the amount, purpose or circumstances of the expenditures, or whether or not she requested repayment from the trustee, or made a claim in any other fashion. The objection must be dismissed.
Objection 6 asserts that the purpose of the payment of $3,000 to Permutt & Permutt was not disclosed in the accounting, and some or all of the services rendered may have been rendered in connection with the estate of Robert Hobert. The accounting lists this expense as “Legal fees 1994 through 1996.” Neil A. Permutt, Esq. has submitted an affirmation of legal services for these years, during which his services were rendered and paid. He acted as the attorney for the testamentary trustee and, after *452 the death of the trustee, Robert Hobert, maintained the trust records, collected the income and provided the necessary services until the appointment of the successor trustee. Objection 6 must also be dismissed.
The determination of the reasonableness of professional fees awarded in an estate is within the sound discretion of the Surrogate’s Court (see SCPA 2110; Matter of Graham, 238 AD2d 682 [1997]). This discretion rests with the court regardless of the terms of a retainer agreement or any agreement between the interested parties consenting to the amount of compensation requested (see Matter of Gluck, 279 AD2d 575, 576 [2001] [and the cases cited therein]).
In determining the reasonableness of the fees, the court should consider all relevant factors, including (i) the size of the estate; (ii) the difficulty of the questions involved; (iii) the skill required to handle the problems presented; (iv) the attorney’s experience, ability, and reputation; (v) the responsibilities involved; and (vi) the benefit resulting to the estate from the services rendered (see Matter of Freeman, 34 NY2d 1, 9 [1974]). The court must also consider the aggregate amount of the fees sought (Matter of Mattis, 55 Misc 2d 511, 516 [1967]).
Upon consideration of the relevant factors, the court finds the fees of $3,000, all of which have been paid to Permutt & Per-mutt, appropriate under the circumstances.
Court sets the fees for Magdalen Gaynor, Esq. in the amount of $7,800, none of which is paid.
The trustee’s commissions are approved in the amount of $6,940, none of which has been paid.
The objections are dismissed in all respects.
The accrued income of the trust shall be distributed to the estate of Gladys Hobert, and the balance of the trust, after payment of all expenses, fees and commissions, shall be distributed to the estate of Robert J. Hobert.
In accordance with the foregoing, the trustee’s account is judicially settled as provided in this decision, and the bond is discharged.